IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CORNELIUS EDWARD CARTER, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 11-461 |
| ) | |
| v. ) | District Judge David S. Cercone |
| ) | Magistrate Judge Cynthia Reed Eddy |
| MS. MICHELLE WAGNER; *ET AL*., ) | |
| Defendants. ) | |
| ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

**I.     RECOMMENDATION**

For the reasons that follow, it is respectfully recommended that the case be dismissed for failure to comply with this Court's orders and for failure to prosecute.

**II.    REPORT**

Plaintiff, Cornelius Edward Carter, is an inmate formerly incarcerated at SCI-Mercer. In this civil action, Plaintiff complains about the record keeping procedures concerning his parole file. On January 3, 2012, after I was assigned this action, I ordered Plaintiff to provide to the Clerk of Court proper instructions, U.S. Marshal Form 285 forms along with a completed notice and waiver of summons, and a copy of the complaint for each Defendant by January 23, 2012. Plaintiff failed to do so. Plaintiff never filed a response to the order, nor did he seek an extension of time in which to do so.

A federal court has the discretion to dismiss a proceeding *sua sponte* based on a party's failure to prosecute the action. Link v. Wabash Railroad Co., 370 U.S. 626, 629-30 (1962);Mindek v. Rigatti, 964 F.2d 1369 (3d Cir. 1992). Specifically, a plaintiff's failure to

comply with a court order constitutes a failure to prosecute this action and therefore this action is subject to dismissal pursuant to Fed. R. Civ. P. 41(b), which states in pertinent part:

> Involuntary Dismissal; Effect. If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule — except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19 — operates as an adjudication on the merits.

Fed. R. Civ. P. 41(b).

A district court has the power to dismiss a civil action for failure to comply with an order of the court. *See, e.g.*, Adams v. Trustees of New Jersey Brewery Employees' Pension Trust Fund, 29 F.3d 863, 871 (3d Cir. 1994); Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir.) (affirming district court's dismissal with prejudice of *pro se* prisoner's civil rights complaint for failure to comply with district court local rule providing failure of opposing party to file memorandum of points and authorities in opposition to any motion would constitute consent to granting motion), *cert. denied*, 516 U.S. 838 (1995); American Inmate Paralegal Assoc. v. Cline, 859 F.2d 59, 61 (8th Cir.) (dismissal with prejudice of inmate's civil rights action for failure to comply with court order not abuse of discretion), *cert. denied*, 488 U.S. 996 (1988). In upholding the district court's dismissal of a *pro se* plaintiff's civil rights case under Rule 41(b), the Court of Appeals for the Sixth Circuit noted that "dismissal is appropriate when a *pro se* litigant has engaged in a clear pattern of delay." Jourdan v. Jabe, 951 F.2d 108, 110 (6th Cir. 1991). The court further commented that "[w]hile *pro se* litigants may be entitled to some latitude when dealing with sophisticated legal issues, acknowledging their lack of formal training, there is no cause for extending this margin to straightforward procedural requirements that a layperson can

comprehend as easily as a lawyer." *Id*. at 109. In short, a *pro se* litigant's failure to comply with a court order is not the same thing as "inartful pleading or a[ ] lack of legal training." *Id*. at 110.

A court's decision to dismiss for failure to prosecute is committed to the court's sound discretion. *See* Collinsgru v. Palmyra Bd. of Educ., 161 F.3d 225, 230 (3d Cir. 1998) ("We review for abuse of discretion a district court's dismissal for failure to prosecute pursuant to Rule 41(b)."), *abrogated on other grounds by*, Winkelman ex rel. Winkelman v. Parma City School Dist., 550 U.S. 516 (2007). In exercising that discretion, a district court should, to the extent applicable, consider the six factors set forth in Poulis v. State Farm Fire and Cas. Co., 747 F.2d 863, 868 (3d Cir. 1984) when it levies the sanction of dismissal of an action for failure to obey discovery schedules, failure to prosecute, or to comply with other procedural rules. Harris v. City of Philadelphia, 47 F.3d 1311, 1330 n.18 (3d Cir. 1995).

In Poulis, the Court of Appeals for the Third Circuit set forth the following six factors to be considered: (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense. *Id*. at 868. However, "Poulis did not provide a magic formula whereby the decision to dismiss or not to dismiss a plaintiff's complaint becomes a mechanical calculation easily reviewed by" the court of appeals. Mindek v. Rigatti, 964 F.2d 1369, 1373 (3d Cir. 1992). Indeed, the Court of Appeals for the Third Circuit has recognized that "not all of the Poulis factors need be satisfied in order to dismiss a complaint. *See* C.T. Bedwell & Sons, Inc. v. Int'l. Fidelity Ins. Co., 843 F.2d 683, 696 (3d Cir. 1988).

3

Instead, the decision must be made in the context of the district court's extended contact with the litigant." *Id*. Consideration of the Poulis factors listed above is as follows:

1. Personal Responsibility

Plaintiff is proceeding in this matter *pro se*. There is no indication that he failed to receive the order set forth above. The responsibility for his failure to respond to the orders in question is Plaintiff's alone.

2. Prejudice

There is no indication that Defendants have been prejudiced by Plaintiff's failures.

3. Dilatoriness

Plaintiff has failed to obey the court order issued in this case directing him to provide forms and instructions necessary to carry out service. Plaintiff's failure to respond is sufficient evidence to indicate that Plaintiff does not intend to proceed with this case in a timely fashion.

4. Willfulness or Bad Faith

There is no indication on this record that Plaintiff's failure was the result of any "excusable neglect." The conclusion that his failure is willful is inescapable.

5. Alternative Sanctions

Plaintiff is proceeding *pro se* and has not responded to the Court's order, and it is not clear that any sanction other than dismissal will properly redress Plaintiff's refusal to comply.

6. Meritoriousness

It is difficult to assess the meritoriousness of Plaintiff's claims at this early stage but absent the ability to serve the complaint on the defendants, which cannot be accomplished without Plaintiff's compliance with the prior orders of court, even a meritorious claim cannot

proceed.

## III. CONCLUSION

Based on the discussion above, I find that the Poulis factors weigh in favor of dismissal. Consequently, this Court recommends that Plaintiff's case be dismissed with prejudice for failing to comply with a court order and failure to prosecute by failing to provide the Court with proper service documents.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) & (C), and the Local Rules, the parties are allowed fourteen (14) days from the date of service to file written objections to this report. Any party opposing the objections shall have 14 days from the date of service of the objections to respond thereto. Failure to timely file objections will constitute a waiver of any appellate rights.

/s Cynthia Reed Eddy
Cynthia Reed Eddy
U.S. Magistrate Judge

Dated:  January 31, 2012

Cornelius Edward Carter
202 Stephanie Dr.
Easton, PA 18045